**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

URSULA MANGIR and ENES MANGIR,

                        Plaintiffs,

         v.                                      1:21-CV-665 (BKS/DJS)

PHILIP PRATICO and DOUGLAS BRODA,

                        Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

URSULA MANGIR
ENES MANGIR
Plaintiffs, *Pro Se*
Rensselaer, New York 12144

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court Plaintiffs' *pro se* Complaint. Dkt. No. 1, Compl. The Court has previously granted leave to proceed *in forma pauperis*. In accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint. Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff

may properly maintain his or her complaint before permitting the matter to proceed further.

The Complaint in this action was filed by using a form complaint. *See generally* Compl. Plaintiffs allege facts regarding the alleged violation of a settlement agreement regarding a divorce judgment involving Plaintiff Ursula Mangir.[1] *Id.* at p. 4. In general, the allegations concern violation of that agreement by Defendant Pratico, as well as the alleged kidnapping of Plaintiff's daughter. *Id.* Defendant Broda is alleged to have been the appointed law guardian for Ursula Mangir's daughter who Plaintiffs allege has engaged in various forms of misconduct. *Id.*

The Complaint cites numerous federal statutes as the basis for jurisdiction and Plaintiffs' legal claims. Consideration of those statutes, however, reveals that they do not provide causes of action on which Plaintiffs can proceed here. Plaintiffs first cite 42 U.S.C. § 10606, but that provision has been repealed and is no longer a part of the United States Code. 18 U.S.C. §§ 241 & 242, the next provisions cited by Plaintiffs, "are criminal statutes, which do not give rise to civil liability or authorize a private right of action." *Gilmore v. Karandy*, 2020 WL 4673896, at *2 n.5 (N.D.N.Y. Aug. 12, 2020) (citing cases). 28 U.S.C. § 530B also does not provide a private right of action on which Plaintiffs can proceed. Finally, Plaintiffs cite numerous New York attorney disciplinary rules, but those rules also do not provide a private cause of action in favor of Plaintiffs.

---

[1] Plaintiff Enes Mangir is Ursula Mangir's husband. *See* Dkt. No. 1-2, p. 36.

*Khurana v. Wahed Inv., LLC*, 2019 WL 1430433, at *14 n.8 (S.D.N.Y. Feb. 26, 2019), *report and recommendation adopted*, 2019 WL 1432589 (S.D.N.Y. Mar. 29, 2019) (citing cases); *Jones v. J.C. Penney's Dep't Stores, Inc.*, 2005 WL 1313442, at *3 (W.D.N.Y. May 31, 2005), *report and recommendation adopted sub nom. Jones v. J.C. Penney Corp.*, 2006 WL 8455728 (W.D.N.Y. Mar. 31, 2006).

With respect to Plaintiffs' invocation of the First Amendment as a basis for their claim, Compl. at p. 3, the Court also finds that dismissal is appropriate. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)) (internal quotations and alterations omitted). To the extent Plaintiffs seek to proceed under section 1983 dismissal is appropriate because Plaintiffs have failed to make any allegations establishing that Defendants engaged in state action. Pratico is not alleged to hold any position from which state action could be implied. The fact that Broda is alleged to have been appointed counsel for Ursula Mangir's children does not make him a state actor because "an attorney for the children

or law guardian is not a state actor" even if appointed by the State. *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011).

For these reasons, none of the stated legal causes of action provide a basis for a claim in this proceeding. The Court, therefore, recommends that the Complaint be dismissed. "Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The Court therefore recommends that the Complaint be dismissed without prejudice to the filing of an Amended Complaint.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiffs' Complaint be **DISMISSED without prejudice** with leave to file an amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN</u>**

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: June 24, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge