**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

URSULA MANGIR and
ENES MANGIR,

                                                  1:21-cv-665 (BKS/DJS)

                          Plaintiffs,

v.

PHILIP PRATICO and
DOUGLAS J. BRODA,

                          Defendant.

---

**Appearances:**

*Plaintiffs Pro Se:*
Ursula Mangir
Rensselear, NY 12144

Enes Mangir
Rensselaer, NY 12144

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

Plaintiffs pro se Ursula Mangir and Enes Mangir brought this action on June 8, 2021, alleging, inter alia, that Defendant Philip Pratico violated a "judgment of divorce settlement agreement," and that "court-appointed child attorney," Defendant Douglas J. Broda filed motions and affirmations in support of Defendant Pratico's claims and committed other misconduct. (Dkt. No. 1). This case was referred to United States Magistrate Judge Daniel J. Stewart who, on June 24, 2021, issued a Report-Recommendation recommending that Plaintiffs' complaint be dismissed without prejudice because "none of the stated legal causes of action provide a basis for a claim in this proceeding." (Dkt. No. 9, at 4). Magistrate Judge Stewart advised Plaintiffs that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written

objections to the Report, and that the failure to object to the Report within fourteen days would preclude appellate review. (Dkt. No. 9, at 4-5).

On July 9, 2021 Plaintiffs filed a document captioned "Affirmation in opposition of report recommendation and order emergency injunction requested," which included exhibits from the state family court proceedings. (Dkt. No. 11). On July 28, 2021, Plaintiffs filed a motion for appointment of counsel. (Dkt. No. 13). For the reasons set forth below, the Report-Recommendation is adopted, and the complaint is dismissed without prejudice and with leave to amend.

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

In their "opposition" to the Report-Recommendation Plaintiffs assert additional facts concerning Defendant Pratico's violation of family court orders and Defendant Borda's lack of

communication with the daughter. (Dkt. No. 11). Plaintiffs have, however, failed to identify any portion of the Report-Recommendation that Plaintiffs assert to be error. Plaintiffs have failed to articulate any objection to Magistrate Judge Stewart's determination that "none of the stated legal causes of action provide a basis for a claim in this proceeding." (Dkt. No. 9, at 4). Plaintiffs have thus failed to preserve an objection to the Report-Recommendation, and the Court's review is for clear error. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it for the reasons stated therein.[1]

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 9) is **ADOPTED** in all respects; and it is further

**ORDERED** that Plaintiffs' complaint is **DISMISSED** without prejudice, with leave to file an amended complaint; and it is further

**ORDERED** that any amended complaint must be filed **within thirty (30) days** of the date of this Order. Any amended complaint must be a complete pleading which will replace the current complaint in total; and it is further

**ORDERED** that if Plaintiffs file a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiffs fail to file a timely amended complaint, the Clerk is directed to close this case; and it is further

---

[1] Plaintiffs' request for an injunction enforcing a final judgment of divorce and dismissing all "current custody proceedings and orders from Rensselaer Family court," (Dkt. No. 11, at 3), must be denied as moot in light of the dismissal of the complaint. The Court notes, however, that in any event this Court would not have jurisdiction to grant that requested injunctive relief involving family court matters. *See, e.g., Rabinowtiz v. New York*, 329 F.Supp. 2d 373, 376 (E.D.N.Y. 2004); *see also Deem v. Dimella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019).

**ORDERED** that, in light of the dismissal of the complaint, Plaintiffs' motion for appointment of counsel (Dkt. No. 13) and request for injunctive relief (Dkt. No. 11) are **DENIED** as moot; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiffs in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 2, 2021
Syracuse, New York

Brenda K. Sannes
U.S. District Judge